## PETRICK vs. ASHCROFT.

1. In a suit upon a parol agreement, void by the statute of frauds, the complainant is bound by the agreement as stated in the answer.

2. Where, in such a case, it is referred to a master to state an account, the account should be made pursuant to the statement of the answer.

This cause came up on exceptions by the defendant to the report of the master, to whom it was referred to state an account of the amount expended by the complainant for building on the premises mentioned in the bill, and of the amount loaned and advanced to him by the defendant, with interest.

*Mr. Ransom*, for exceptant.

*Mr. J. B. Vredenburgh*, for complainant.

THE CHANCELLOR.

For the reasons stated by the master in his report, I concur with him as to the allowance and disallowance of all the items in the accounts of the parties, except in the disallowance of the item of $81.51, paid by the defendant for assessments, which he claimed as advanced by him for the complainant. The master was not satisfied with the evidence produced before him that such assessments were to be paid by the complainant. But the decree to account in this case is founded on the admission in the answer, of a parol agreement for building on these lots, void by the statute of frauds unless admitted by the answer. The answer states as part of that agreement, that the complainant was to pay such assessments, and the complainant is bound by the agreement, as stated in the answer. This item, with interest from the day of payment to the date of the master's report, must be deducted from the balance stated in it to be due to the complainant; with this modification the report is confirmed. All other exceptions are overruled.